## 27664. LOWE v. THE STATE.

JORDAN, Justice. Joseph Lowe, Jr., appeals an order overruling his motion for new trial upon conviction and sentence for murder and arson.

On April 13, 1971, the defendant's home burned to the ground and the remains of a human body were found in the ashes, which the state sought to prove were the remains of his wife who had died from bullet wounds and whose body was partially consumed by the fire. Proof by the state of the involvement of the defendant rests in part upon incriminating admissions contained in a letter in the handwriting of the defendant found in an automobile at the scene of the fire.

The defendant's enumerated errors raise in substance the following issues: 1. Whether the trial judge erred in overruling a motion to suppress the letter; 2. Whether the trial judge erred in overruling a motion for directed verdict on the charge of murder, the defendant contending that there was no evidence to show that the body found in the ashes was that of his wife, Bessie Lowe, or that she was not in life; and 3. Whether the trial judge erred in overruling a motion for new trial limited to the general grounds. *Held:*

1. The motion of the state to dismiss the appeal based on deficiencies in the format of appellant's brief is denied.

2. The letter which the defendant sought to suppress and to exclude from the evidence, the contents of which the defendant subsequently sought to explain as only a joke, is strongly indicative of a contemplated murder-suicide, and is somewhat testamentary in character. The evidence on the hearing to suppress, repeated in substance on the trial in chief, discloses that three automobiles were parked near the burning home, two belonging to the defendant and a third belonging to his wife, that by direction of policemen at the scene while the house was still burning "the family" was asked to secure the vehicles, and that the automobiles were pushed some distance away from the fire. Annie Bell Graham, a sister of the defendant's wife, was among those present. She saw a "long white letter" in one of the defendant's automobiles and

"called one of the officers and pointed it out to him." A police officer at the scene recalled that Annie Bell Graham directed his attention to a 1965 Chrysler, where "they" had found some papers and a money bag which "they" did not want to be responsible for, and that he took them "to make sure nothing happened to them." The items which he took and inventoried were in plain view in the automobile on the floor board. When he took them for safekeeping he had no idea whose property they were. He had no search warrant and the defendant was already in custody.

In our opinion the above facts disclose a situation as devoid of any implications of an unconstitutional search and seizure as that ruled upon in Division 3 of the majority opinion in Coolidge v. New Hampshire, 403 U. S. 443, 484 (91 SC 2022, 29 LE2d 564). Here, as in the Coolidge case, the circumstances are clear in disclosing that the incriminating evidence came into the possession of the law enforcement authorities inadvertently and unmotivated by any desire to locate incriminating evidence by any unlawful search and seizure.

The trial judge did not err in overruling the motion to suppress and in admitting the letter in evidence.

3. The evidence would authorize a jury to determine that the remains of a human body found in the ashes of the defendant's home were those of his wife, Bessie Lowe. While it was impossible to identify the remains on autopsy as the alleged victim, the body was identified as that of a female. Rings were found in the ashes which were identified as those belonging to Bessie Lowe. Bessie Lowe was in and about the house on the day of the fire, and has not been seen or heard from since, and cannot be accounted for except by the presence of the remains of a human body in the ashes. Additionally, the defendant's acts and words at the time of the incident and thereafter disclosed his belief

that his wife was present in the house.

The trial judge did not err in overruling the motion for directed verdict.

4. The evidence, as disclosed by a study of the transcript, amply supports the verdict of guilty of murder and arson. In addition to the letter mentioned above there are strong circumstances to link the defendant with the offenses, including a history of marital difficulties, his presence at the scene, and his somewhat strange conduct in reporting the fire to authorities. It is clear that the victim died of gunshot wounds and not as a result of the fire. The evidence authorized a finding that the fire was of incendiary origin, probably by the use of gasoline, although the defendant insists there was an explosion which blew him out of the house.

The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973—DECIDED FEBRUARY 8, 1973.

*John J. Sullivan, Jack E. Miller,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Grayson Lane, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr.,* for appellee.