## 28255. WELLS v. STYNCHCOMBE.

INGRAM, Justice. The appellant filed a pro se petition for a writ of habeas corpus in the Superior Court of Fulton County. After a hearing an order was entered denying the appellant relief and remanding him to the custody of the appellee. Thereafter, the appellant filed a notice of appeal to this court. Although appellant states his notice of appeal in terms of an appeal from his sentence and conviction for the offense of burglary, we will treat it as an appeal from the denial of his petition for a writ of habeas corpus in the trial court. The record of this case discloses that the appellant was convicted of the offense of burglary and the conviction was appealed to the Court of Appeals of Georgia where his conviction was affirmed by that court. See *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567). He was represented at the trial and on appeal by an effective and experienced lawyer in criminal cases.

Appellant contends that he was illegally arrested because no

search warrant was shown at the time of his arrest and that evidence of other crimes was presented as evidence at his trial. The transcript of evidence adduced at the burglary trial shows an Atlanta police officer testified that he observed an automobile coming out of the driveway of a home which belonged to a person who had previously advised the officer his home had been victimized by a number of burglaries and that there should not be any cars coming out of the driveway at his home. The officer followed the car and stopped it with a request to see the license of the driver. A codefendant in the burglary case was driving and the appellant here was seated in the right hand front seat. At that time, the officer observed in the automobile, in open plain view, a .22 caliber rifle, a big hunting knife, a small radio, a camera and a staple gun, along with some men's clothing. The officer announced on his police radio that he had stopped the car and subsequently received a call from a fellow police officer who then came to the scene a few minutes later accompanied by a Mr. Jim Rogers. Mr. Rogers looked at the above items in the automobile and identified them as his property that had been taken from his home in a break-in which had just occurred within the last two hours. After Mr. Rogers identified the items, the codefendant and appellant were placed under arrest. A detective also testified that he, too, went to the scene and also inspected the home where the codefendant and appellant had been seen leaving the driveway and found there a ladder leaning against the house which was standing in red clay. The detective testified that he observed red clay on appellant and the codefendant as well as in their car. The appellant testified at his trial that he purchased the camera and gun from a man in a bar for $18 and that the other items in the car were also his property. After the jury found appellant guilty, the state introduced into evidence, without objection, appellant's previous convictions for burglary and motor vehicle theft and the jury fixed appellant's sentence at 14 years. The trial court suspended four years of the total sentence and ordered appellant to serve 10 years in the State Prison System.

Although the appellant cannot use habeas corpus as a vehicle for a second appeal (see *Krist v. Caldwell,* 230 Ga. 536, 538 (3) (198 SE2d 161)), we have set out the pertinent parts of the trial evidence to consider the above contentions of appellant since they were not decided in his criminal appeal. The record refutes the contentions of appellant. There was no search of the vehicle

since the items in question were in plain view. See *Lowe v. State,* 230 Ga. 134 (2) (195 SE2d 919). As to the evidence of other crimes, this evidence was presented, under the bifurcated trial provisions of our statute, after a verdict of guilty for consideration by the jury on the sentence. Code Ann. § 27-2534. Therefore, these contentions are without merit.

The appellant also contends that his trial and conviction for the offense of burglary placed him in jeopardy twice for the same offense. Appellant urges that he had been discharged from the warrant accusing him of burglary prior to his trial and conviction for this offense. Apparently, the victim of the alleged burglary did not appear in court at a commitment hearing on the warrant held in the Civil Court of Fulton County and the warrant was dismissed. The record before this court does show the appellant was discharged on August 4, 1972, by order of the Civil Court of Fulton County, from a burglary warrant issued by that court. However, the appellant was indicted on August 6, 1972, for the offense of burglary and subsequently tried and convicted in the Superior Court of Fulton County. The principle of the common law maxim "nemo debet vix vexiari eadem causa" is a fundamental right in our criminal law system. It has found expression in our Constitution through the provision that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction or in case of mistrial." Code Ann. § 2-108. However, the jurisdiction of the Civil Court of Fulton County is that of a commitment court and it is limited to determining whether there is probable cause to believe the guilt of the accused so as to require him to appear and answer before a court competent to try him. The action of that court does not constitute a judgment in the sense that it settles the guilt or innocence of the accused. The judgment of the Civil Court of Fulton County was not binding and settled nothing as to the guilt or innocence of the appellant. It could not have been pleaded in bar to a subsequent inquiry under a new warrant for the same offense. Therefore, the discharge of the appellant on the original burglary warrant by the Civil Court of Fulton County did not bar a subsequent indictment and trial of the appellant for the offense of burglary in the Superior Court of Fulton County which was the court of competent jurisdiction to try him. See *Savannah News-Press, Inc. v. Harley,* 100 Ga. App. 387 (6) (111 SE2d 259) and *Ferguson v. State,* 219 Ga. 33, 35 (131 SE2d 538).

The habeas corpus trial court correctly found the appellant was being lawfully detained and remanded him to the custody of the appellee. The judgment of the trial court, finding the appellant was not entitled to habeas corpus relief, is therefore affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 4, 1973.

Monroe J. Wells, *pro se.*

*Lewis R. Slaton,* District Attorney, *Morris H. Rosenberg,* for appellee.