## 28092. REYNOLDS v. REYNOLDS.

INGRAM, Justice. William Reynolds filed a petition for divorce against Elsa Mae Barring Reynolds in the Superior Court of Baldwin County. Service was made on the defendant by leaving a copy of the "writ and process" at her most notorious place of abode in the county. This was a house trailer occupied by the defendant, but the complaint and summons were not left with any person and the defendant never received them and made no appearance in the case. A final decree of divorce was entered but subsequently the defendant filed a motion to set aside the decree on the ground that she was never served. After a hearing on this motion, the trial court found the defendant had never been served as required by law and set aside the final decree previously entered in the case. The only question presented by this appeal is whether service on the defendant at her most notorious place of abode was authorized under Code Ann. § 81A-104 (d 6). *Held:*

The cited section of our Code provides that service may be perfected in cases where the complaint seeks recovery of a principal sum of less than $200 by leaving a copy at the most notorious place of abode of the defendant. This subsection was added by the Act of 1968 (Ga. L. 1968, p. 1104) and was intended to apply only to complaints involving claims for money where the principal sum sought is less than $200. It does not apply to divorce cases which are equitable in nature. See *Flournoy v. Flournoy,* 228 Ga. 224 (1) (184 SE2d 822). Therefore, the trial court properly set aside the divorce decree in this case because service was never perfected on the defendant as required by law.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 13, 1973 — DECIDED OCTOBER 4, 1973.

*Eva L. Sloan,* for appellant.

*Marson G. Dunaway, Jr.,* for appellee.