48652. HOLLOWAY v. FREY.

DEEN, Judge. 1. "The judgment of a court having no jurisdiction of the person. . . is a mere nullity, and may be so held in any court

when it becomes material to the interest of the parties to consider it." Code § 110-709. "To bind a party by a judgment, it must appear that he has been served with process directed to him or else that he has, by some express or implied waiver, dispensed with the necessity for process." *Frank Adam Electric Co. v. Witman,* 16 Ga. App. 574 (2) (85 SE 819). "A judgment against a party where there has been no valid service upon him, and no waiver of service, is void." *Foster v. Foster,* 207 Ga. 519 (3) (63 SE2d 318).

In the present case filed in the Superior Court of DeKalb County the plaintiff Frey sued one Farmer, an alleged resident of Cobb County, and the appellant Holloway, allegedly residing at 3409 Regalwoods Dr., DeKalb County, seeking judgment of more than $15,000. A return of service dated August 17, 1970 signed by a deputy sheriff states: "I have this day served the defendant Jack B. Hollaway by serving daughter Jackie by leaving a copy of the within writ and process at his most notorious place of abode in this county." The return fails to specify where this was done. During the periods of time in question Holloway did not live at Regalwoods Drive, the address shown in the petition. His minor daughter Jackie lived with her mother, on Valley Bluff Drive, the parents being separated, and it was here that the deputy sheriff delivered the suit papers, although the defendant had never lived at the address and the daughter gave an affidavit that she had so informed the officer. Holloway in fact lived at an address on Buford Highway, also in DeKalb County, and worked at an address in Cobb County. The attorney for the plaintiff, learning of the manner in which service had been attempted, thereafter sent an office employee to Cobb County who personally delivered a copy of the action to the defendant, but who had no authorization from any source to serve suit papers.

It follows that the Superior Court of DeKalb County had no jurisdiction of the person of the defendant Holloway which would authorize the taking of a default judgment against him. The service was not made either by personal delivery to the defendant by a person authorized to serve suit papers under Code Ann. § 81A-104 (c) or "by leaving copies thereof at his dwellinghouse or usual place of abode with some person of suitable age and discretion then residing therein" or delivering it to an agent, as required by Code Ann. § 81A-104 (d 7). The service was thus completely nugatory. *Boyer v. King,* 129 Ga.

App. 690.

2. A default judgment was entered against Holloway on November 9, 1971. Immediately on being apprised of its existence, he procured counsel who filed a motion attempting to have it vacated. The court hearing this issue held that the default judgment was valid because (a) the motion was not based on a "nonamendable defect appearing on the face of the record" and (b) the defendant had actual notice (through the unofficial delivery of copy papers to him in Cobb County by an employee of the plaintiff's attorney) that a suit had been filed, and his failure to take action thereon prior to judgment amounted to a waiver of his rights.

Dealing with these legal conclusions in reverse order, we find the second one unacceptable because it requires a party to litigation to make a defense although he has not been served in the case. If this were the law, of course, there would be no such thing as service of process, but all that would be necessary to obtain judgment and levy on a man's property and possessions would be to inform him by whatsoever means that there was in fact a suit pending against him, and throw the burden on him of checking out the rumor, a situation that would indeed lead to the nightmare situations envisioned by Kafka in The Trial.

The other objection stated by the trial judge for not vacating the judgment is that the defect does not appear on the face of the record. The return of service is in fact defective in that it does not show the place of service and does not state that the service was "at the defendant's dwellinghouse or usual place of abode" as required by Code Ann. § 81A-104 (d 7). If we are correct in holding there was no jurisdiction over the person of this defendant in the absence of service of process at a place where the defendant had lived, or by a person authorized to serve him, then it follows that the judgment is void and for this reason the restrictions on the use of motions to set aside set out in Code Ann. § 81A-160 (d) on motions to set aside and applied in *Aiken v. Bynum,* 128 Ga. App. 212 (196 SE2d 180) cannot apply here. If lack of jurisdiction of the person could not be raised after judgment even though it rendered the judgment void, and even though a defendant was without knowledge of the filing, courts would be faced with an impossible situation. Further, Code Ann. § 81A-160 (f) provides: "A judgment void because of lack of jurisdiction of the person. . . may be attacked at any time." As stated in *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625

(4) (193 SE2d 852), Code Ann. § 81A-104 "provides explicit rules for service of process. In the absence of service in conformity with such rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void."

It is contended that this case must be affirmed under the authority of *Aiken,* supra. In that case the service was actually made at the house at which the defendant resided by leaving a copy of the suit with a relative who was present. The difficulty in *Aiken* is that, as frequently happens where a part of the city lies in Fulton and a part in DeKalb Counties, the actual location of the house was over the DeKalb County line into Fulton County (probably unknown to the sheriff) and therefore, as the case is careful to point out, the question was *venue of the action,* not *jurisdiction of the person.* The defendant was actually served in a proper manner at his most notorious place of abode, so far as process is concerned. If he was in fact being sued in the wrong county this was something the defendant had to do something about or else it was waived. On the other hand, in *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852), where a default judgment was entered against the defendant corporation, based on constructive service of process on the president of the corporation by leaving the papers at his residence with his wife, this was not legal service upon the corporation, and the knowledge of the president by receiving suit papers in this fashion did not constitute a waiver. As stated in headnote 2: "Where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction." See also *Reynolds v. Reynolds,* 231 Ga. 178 (200 SE2d 766).

3. But it is urged that such a judgment can be set aside only by a petition in equity, since under Code Ann. § 81A-160 (d) a motion to set aside must be predicated upon some extrinsic defect which does not appear upon the face of the record or pleadings. It is true that this pleading has been denominated a motion to set aside. However, we have said times without number that there is no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name. Cf. *Wells v. Stynchcombe,* 231 Ga. 199 (200 SE2d 745). This pleading sets out, in the same manner as would a petition in equity, a complete

statement of the facts of the case leading up to the judgment. It prays for process and that plaintiff's counsel be served with a copy, that a day certain be set for hearing, and further prays "based on the strength of this verified petition, together with the supporting affidavits, and based on the urgency of matters contained herein, and based on the principles of equity and justice, . . . that this honorable court according to law and equity consider this motion and grant the defendant's prayer" to set aside the judgment and give the defendant his day in court. The pleading thus in fact serves every function of an original petition in equity, and it will not be dismissed simply because it is styled a motion.

*Judgment reversed. Quillian, J., concurs. Bell, C. J., concurs specially.*
ARGUED OCTOBER 1, 1973 — DECIDED OCTOBER 18, 1973 — REHEARING DENIED NOVEMBER 13, 1973 —

*Long & Pierce, Nick Long,* for appellant.
*McCurdy, Candler & Harris, George H. Carley,* for appellee.

BELL, Chief Judge, concurring specially. I agree with Judge Deen that there was no jurisdiction over the person of the defendant in the trial court and for this reason the default judgment was void. Everything occurring in the proceeding thereafter was ipso facto void and nugatory. A reversal is demanded.