## 61342, 61343. MAHAFFEY v. FIRST NATIONAL BANK OF BARNESVILLE (two cases).

SHULMAN, Presiding Judge.

Plaintiffs husband and wife brought suit against defendant-bank on negligence for damages resulting from plaintiff-wife's fall on an entrance mat inside the door of defendant-bank. Plaintiffs appeal from the grant of defendant's motion for summary judgment. We affirm.

1. While we recognize that the question of the existence of negligence most often presents itself for jury resolution, since there are no facts in the instant case to support the claim of negligence, the grant of summary judgment in favor of the defendant was proper and appropriate.

Plaintiff-wife's sworn testimony reveals only that she slipped and fell on defendant's mat or rug. Although she testified that she did not know how she fell or what caused her to fall, plaintiffs argued that the occurrence of similar incidents put defendant on notice of the dangerous condition of the mat. The only evidence offered to that effect, however, was the affidavit of a bank employee who merely stated that she vaguely recalled one incident of one other customer "who fell at a much earlier time probably five or six years prior to Mrs. Mahaffey's fall and was not hurt. I can't even remember where he or she fell." Because of its vagueness, the affidavit is meaningless and probative of nothing.

On the other hand, defendant produced the sworn testimony of a bank employee who inspected the mat and surrounding floor following plaintiff-wife's fall. That employee averred that he found no defect in the mat and no water or other debris on the floor.

We sympathize with plaintiff's suffering, but, in light of the Supreme Court's holding in *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620 (272 SE2d 327), it is evident that defendant pierced plaintiffs' pleadings. We have no recourse but to affirm the grant of defendant's motion for summary judgment.

2. Since plaintiffs failed to raise an objection below to defendant's affidavit on the ground that it was not timely filed and served (see Code Ann. § 81A-106 (d)), plaintiffs' contentions in that regard will not be considered on appeal. *Clayton McLendon, Inc. v.*

*McCarthy,* 125 Ga. App. 76 (1) (186 SE2d 452).
*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

D<span>ECIDED</span> M<span>ARCH</span> 10, 1981.

*Harold E. Martin,* for appellants.
*Thomas F. Richardson,* for appellee.