## 66531. FRANKLIN v. COLLINS et al.

McMURRAY, Presiding Judge.

This case involves a tort action in which plaintiff's case is against Joe B. Collins, Sr. (the father) and Dwain Collins (the son). Plaintiff contends Dwain Collins shot her with a revolver, the incident taking place inside the home of Joe B. Collins, Sr. Suit was filed on October 28, 1975.

The father was personally served with a copy of the complaint. Personal service was then attempted on Dwain Collins, supposedly at his home. The notation on the service copy by the serving officer notes that he was "served . . . at his dwelling or usual place of abode by

handing same to Joe B. Collins, Sr., who resides therein." Neither defendant answered the complaint, and a verdict and judgment as to liability only was taken on December 16, 1975.

On November 28, 1976, defendant Joe B. Collins, Sr. died. Thereafter, on January 12, 1978, a jury trial was held on the issue of damages. A disputed issue exists as to whether it was known that the father was dead on the date of the verdict and judgment.

On February 13, 1978, plaintiff filed (1) a motion for new trial, (2) the suggestion of death of defendant Joe B. Collins, Sr., and (3) moved to substitute the executrix of the estate of Joe B. Collins, Sr. as a party. On March 3, 1978, the executrix of the estate of Joe B. Collins, Sr. filed a motion in opposition to substitution, contending therein that the plaintiff well knew of the death of the decedent "within one week of the date of his death on November 28, 1976." She offered affidavits in support of this contention. She further contends that as executrix she was not informed of this action "nor was any substitution offered to the Court within six . . . months as required by law" and that portion of the affidavit signed by the plaintiff on February 13, 1978, is untrue in which plaintiff deposed that "at the time of the trying of the case" (January 12, 1978) she was not aware that Joe B. Collins, Sr. had died on November 28, 1976. The executrix sought to have the motion and the request for substitution dismissed. However, on March 10, 1981, plaintiff dismissed her motion for new trial, and withdrew her motion for substitution and an order of the court thereon was dated March 11, 1981.

On April 20, 1981, defendant Dwain Collins and the executrix (estate of Joe B. Collins, Sr.) each filed a motion to set aside the judgment as to damages. These motions were granted on September 9, 1981. As to the defendant Dwain Collins, the trial court held the judgment was void due to service having never been perfected. As to the decedent defendant Joe B. Collins, Sr., the trial court held the judgment was void due to defendant's death prior to the jury verdict, no substitution of parties having been made. Plaintiff prematurely attempted to appeal the trial court's order granting the motions to set aside the judgment, and this court dismissed the appeal. See *Franklin v. Collins*, 162 Ga. App. 755 (293 SE2d 364).

On September 28, 1982, counsel for defendants filed a motion to dismiss as to both defendants. Therein it was insisted that the action against Dwain Collins be dismissed for lack of service, the plaintiff having failed to file or amend the suit within two years after the suit was filed, the same having never been properly served, thus leaving "the matter as if this suit had never been filed." As to the decedent defendant Joe B. Collins, Sr., it was contended therein that there had been no proper substitution of parties and under the two year limit

for filing suits for tortious injury this action should be dismissed and following the death of the defendant Joe B. Collins, Sr., his executrix was subject to service within the statutorily allowed time and scheme but was never served. Hence, under the theories of estoppel and laches the action should be dismissed as to this defendant. On December 22, 1982 (the order dated December 1, 1982), the court vacated and set aside the liability judgment as to defendant Dwain Collins. In a separate order dated December 2, 1982, although filed December 22, 1982, the court dismissed the complaint as to defendant Dwain Collins "in view of the length of time involved and the notice to plaintiff of lack of service . . . in the exercise of its discretion," finding the delay had been caused by a lack of diligence on the part of the plaintiff, citing *Bible v. Hughes,* 146 Ga. App. 769, 770 (3) (247 SE2d 584), and *Early v. Orr,* 135 Ga. App. 887, 888 (219 SE2d 622). In an order dated December 21, 1982, and filed on December 22, 1982, the trial court in ruling on the motion to dismiss as to the defendant Joe B. Collins, Sr., held the plaintiff filed a suggestion of death on February 13, 1978, thereafter moved for substitution of the executrix (estate of Joe B. Collins, Sr.) as a party, but voluntarily withdrew same and no party has yet been substituted for the decedent defendant. Therefore, since the suggestion of death filed by the plaintiff on February 13, 1978, "remains pending in the record and no proper party has been substituted for the deceased defendant, plaintiff's complaint should be dismissed," citing *Berry v. Morton,* 152 Ga. App. 117 (262 SE2d 263). All party defendants having been dismissed the plaintiff appeals. *Held:*

1. The record discloses that defendant Dwain Collins was served "by leaving [the complaint and summons] at his dwelling or usual place of abode by handing same to Joe B. Collins, Sr. who resides therein." The affidavits disclosed that Joe B. Collins, Sr. and Dwain Collins did not reside in the same dwelling, but maintained separate abodes. Consequently, the trial court did not err in finding that there was no personal service and "service was never legally perfected upon Defendant Dwain Collins and [the] judgment afterward obtained against him is void . . . and the same is . . . set aside and vacated."

Thereafter, the court did not err in dismissing the action against him due to delay and lack of due diligence on the part of the plaintiff as to service, since service could not be obtained against him within the statute of limitation, the cause of action occurring November 10, 1974, and as of December 22, 1982, the defendant had never been served. See *Early v. Orr,* 135 Ga. App. 887, 888, supra; *Webb v. Murphy,* 142 Ga. App. 649 (236 SE2d 840); *Bible v. Hughes,* 146 Ga. App. 769, 770 (3), supra. The enumerations of error complaining as to

the above are not meritorious.

2. Personal service was obtained upon the defendant, Joe B. Collins, Sr., who failed to answer the suit and was in default. Judgment was then obtained against him on January 12, 1978, after he had died on November 28, 1976. As that judgment was void, the trial court did not err in vacating and setting it aside.

Thereafter, the court pointed out that on February 13, 1978, the "plaintiff suggested the death of Joe B. Collins, Sr.," moved the court for substitution of his executrix as a party, later voluntarily withdrew said motion for substitution, and no party has been substituted since the suggestion of death filed by plaintiff in 1978. The plaintiff clearly has failed to act within the first 180 days following the suggestion of death of the defendant in 1978, and no reason has been shown that the failure to act was the result of excusable neglect so as to allow an extension of time. See OCGA §§ 9-11-6 (formerly Code Ann. § 81A-106 (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230)) and 9-11-25 (formerly Code Ann. § 81A-125 (Ga. L. 1966, pp. 609, 634)). The trial court did not err in the exercise of discretion in dismissing the action against this defendant. See *Jernigan v. Collier,* 234 Ga. 837, 840 (3), 841 (4) (218 SE2d 556); *Jernigan v. Collier,* 131 Ga. App. 162, 164 (205 SE2d 450); *Mullis v. Bone,* 143 Ga. App. 407, 408-412 (1) (238 SE2d 748). Compare *Anderson v. Southeastern Capital Corp.,* 243 Ga. 498 (255 SE2d 12); *Berry v. Morton,* 152 Ga. App. 117, supra.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 13, 1983 —
REHEARING DENIED JULY 27, 1983.

*Austin J. Kemp II,* for appellant.
*John P. Nixon, JoAnne B. Cooper,* for appellees.