## 69430. HOWARD v. THE STATE.
(326 SE2d 546)

BIRDSONG, Presiding Judge.

Carolyn Sue Howard was convicted of theft by taking and sentenced to five years, two to serve. The evidence showed that Howard,

as charged, took money from her employer Quick Transport, Inc. and deposited it for her own use in a "petty cash" account at C & S Bank. She opened the account by representing herself as the corporate secretary, ultimately deposited more than $24,000 in it, and wrote checks on the account for her personal use. *Held*:

1. Appellant Howard contends the allegata did not conform to the probata inasmuch as title of the money was transferred to C & S by virtue of the deposits, the victim was C & S and not Quick Transport. This enumeration is without merit. The gist of the offense was not Howard's use of the funds by removing them from C & S, but her removal of the money from Quick Transport to her own use. This prosecution violates none of the principles in *DePalma v. State*, 225 Ga. 465 (169 SE2d 801), as the defendant was fully apprised of the charges against her and she could not be prosecuted for another offense under the same facts. See OCGA § 16-1-8.

2. Appellant was not entitled to dismissal of the indictment on grounds that it should have alleged felony theft of over $500, the value required for a felony charge as of November 1, 1982. OCGA § 16-8-12. This offense was committed prior to that date; therefore, the felony theft limit of $200 was applicable to an offense committed prior to November 1, 1982. *Pippin v. State*, 166 Ga. App. 658 (305 SE2d 408). The indictment was sufficiently clear and certain to withstand a demurrer.

3. Witnesses from the bank produced microfilm copies of the checks drawn by appellant against the petty cash account. These check copies were admissible under the business records rule (OCGA § 24-3-14) and the rule pertaining to copies as evidence (OCGA § 24-5-26). Obviously, the original checks were in possession of the maker, appellant Howard, as was shown by the evidence. Under OCGA § 24-5-26, those originals did not have to be produced or accounted for.

4. Likewise, it was not error for an employee of General Motors Acceptance Corporation to testify that appellant paid her husband's car payment with one of the Quick Transport's petty cash account checks, nor was it a breach of any right of fiduciary privilege. See *Barbour v. State*, 66 Ga. App. 498, 503 (18 SE2d 40).

5. Appellant contends that the amount of money taken was not proved because the amount of checks proved to be written for appellant's personal use did not amount to the amount charged, $24,003.60. However, as stated in Division 1 of this opinion, the offense was the amount removed from Quick Transport, $24,003.60, not the amounts removed from the C & S checking account. The state produced evidence that appellant removed more than $200 from Quick Transport and this constitutes a felony as charged. OCGA § 16-8-12.

6. The trial court did not err in failing to charge misdemeanor theft, as no written request was made. *State v. Stonaker*, 236 Ga. 1

(222 SE2d 354). Moreover, the amounts proved to be stolen were either in excess of $200 or none at all, so the evidence did not authorize a charge of misdemeanor theft. *Roberts v. State*, 146 Ga. App. 23 (245 SE2d 358).

7. Motions to augment record and/or to grant new trial are denied.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 25, 1985.

John R. Calhoun, William O. Cox, for appellant.
Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellee.