## 71948. DANIEL v. LEIBOLT.
### (342 SE2d 334)

BANKE, Chief Judge.

The appellee obtained a default judgment against the appellant, Wayne E. Daniel, for over $200,000 in principal, interest, and attorney fees, in a suit on a promissory note. This appeal follows the denial of the appellant's motion to set the judgment aside based on insufficient service of process.

The complaint, filed on June 18, 1984, specified that the appel-

lant resided within the jurisdiction and venue of the court at 1279 Cliffwood Dr., S.E., Smyrna, Georgia. Three separate returns of service were entered in the case. The first, dated June 21, 1984, consisted of a printed statement signed by a deputy marshal to the effect that, after a "diligent search," the appellant was not to be found within the jurisdiction of the court, accompanied by the deputy marshal's handwritten notation as follows: "His son Buddy still lives here, [i.e., the address set forth in the complaint], but [the appellant] moved." The second return, dated August 2, 1984, specified that copies of the summons and complaint had been delivered to the appellant's son at the same address, followed by the deputy marshal's handwritten notation: "Subject refused to take paper into hand. I dropped it on floor." The third and final return, executed on the same date by the same deputy marshal, similarly specified that copies of the summons and complaint had been delivered to the appellant's son. However, on this return the address in question was characterized, for the first time, as being the appellant's "most notorious place of abode in this county."

The appellant never filed an answer or other responsive pleading; and on October 8, 1984, the appellee moved for the entry of a default judgment. Along with this motion, the appellee submitted the affidavit of his attorney to the effect that he (the attorney) had received a telephone call on August 29, 1984, from a person identifying himself as Wayne E. Daniel, Jr., who, when asked if his father (the appellant) lived at the address at which service had been effected, had responded, "yes." Also submitted in support of the motion for default judgment was the affidavit of an investigator employed by the appellee to locate "the whereabouts and address of a Wayne E. Daniel." In this affidavit, the investigator averred that he had determined that the subject in question had recently moved to 1279 Cliffwood Drive, Smyrna, Georgia, from 755 Wylie Street, S.E., Atlanta, Georgia. A post office certification was submitted in support of this determination, specifying that a "Wayne Daniel," formerly of 755 Wylie Street, S.E., Atlanta, had requested the post office to forward his mail to 1279 Cliffwood Drive, Smyrna.

A hearing was initially scheduled to be held on the appellee's motion for default judgment on October 17, 1984. The appellant's son, Wayne E. "Buddy" Daniel appeared at this hearing, but the appellant did not. The trial court indicated at this time that on the basis of the deputy marshal's August 2nd return of service, stating that a copy of the complaint and summons had been left with the son at the appellant's most notorious place of abode, it was inclined to rule that the case was in default. However, "in an abundance of caution," the court declined to grant a default judgment and instead rescheduled the hearing for December 5, 1984.

Although, as previously indicated, the appellant never filed any

responsive pleadings in the case, several affidavits were filed on the day of the December 5th hearing in opposition to the motion for default judgment. Two were executed by the appellant's son, Wayne E. "Buddy" Daniel, who averred that it was he who had formerly resided at 755 Wylie Street in Atlanta and who had filed the forwarding address with the post office. He further averred that his father had not resided with him at 1279 Cliffwood Drive at the time of the purported service and that his father did not currently reside there. Also submitted was the affidavit of one John Carlyle, who averred that he resided with "Wayne E. Daniel (son)" at the 1279 Cliffwood Drive address; that "Wayne E. Daniel (father)" did not live at that address; and that he (the father) had not lived there during July or August of 1984, when the purported service was effected. These affidavits were corroborated by the affidavit of one Bill Sherry, who averred that he had leased the premises located at 1279 Cliffwood Drive in Smyrna to "Wayne E. Daniel, white male, age approximately twenty-one"; that the latter resided there with a roommate, "John Carlisle (sic)"; and that he (the landlord) had never seen Wayne E. Daniel's father on the premises, although he (the landlord) had been there on numerous occasions since Wayne E. Daniel had been the lessee.

Notwithstanding these affidavits, the trial court awarded a default judgment to the appellee for all principal, interest, and attorney fees alleged to be owing on the note. On or about December 21, 1984, the appellant filed a motion to vacate and set aside this judgment, based on lack of personal jurisdiction resulting from alleged insufficient service of process. Two additional affidavits were submitted in support of this motion. One was the appellant's own affidavit, stating that he did not currently reside at 1279 Cliffwood Drive in Smyrna; that he had not resided there at the time of the purported service; that he had not formerly resided at 755 Wylie Street in Atlanta; and that he had not filed a request with the post office to forward his mail from that address to 1279 Cliffwood Drive in Smyrna. The other additional affidavit was from the deputy marshal who had effected the purported service at 1279 Cliffwood Drive, stating that he had effected service on the appellant's son at this address solely because the appellee's attorney had instructed him to do so and that he had been in possession of no additional information suggesting that the appellant had actually lived there.

On April 26, 1985, the trial court entered an order denying the motion to set aside, concluding that the appellant "should have attacked the sufficiency of the service at the initial hearing" held on December 5, 1984, rather than waiting until judgment had been entered against him. This appeal followed. *Held*:

1. The appellee contends that the merits of the denial of the motion to set aside are not properly before this court, both because the

appellant's notice of appeal specifies that the appeal is from the default judgment itself and because the sole error enumerated is the entry of the default judgment itself. This contention is without merit. While the notice of appeal does identify the default judgment as the ruling appealed from, it also makes specific reference to the subsequent denial of the motion to set aside; and the appeal, which was filed more than 30 days from the entry of the default judgment but less than 30 days from the denial of the motion to set aside, was obviously taken from the latter order. Similarly, although the sole enumeration of error is nominally directed towards the grant of the default judgment, it goes on to assert that "[t]he facts and the law warrant that the default judgment must be set aside."

OCGA § 5-6-48 provides, in pertinent part, as follows: "(b) No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except: (1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot . . . (f) Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed."

In accordance with the foregoing code section, we find the technical objections asserted by the appellee totally insufficient to prevent the merits of the appeal from being reached.

2. The appellee next contends that the affidavits submitted by the appellant were not properly before the trial court in that they were not served until the day of the December 5, 1984, hearing on the motion for default judgment, whereas OCGA § 9-11-6 (d) requires that such opposing affidavits be served "not later than one day before the hearing, unless the court permits them to be served at some other time." This contention is also without merit, for two reasons. First, the ruling at issue in this appeal is not the entry of the default judgment as such but the denial of the motion to set that judgment aside. Secondly, the record before us contains no indication that the appellee raised any such objection to the affidavits in the trial court. See *Mahaffey v. First Nat. Bank of Barnesville*, 157 Ga. App. 844 (2) (278 SE2d 729) (1981).

3. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, unless the defect involves a jurisdictional error, in which

case a motion to set aside shall lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings. . . ." OCGA § 9-11-60 (d).

The only judicially cognizable evidence in this case tending to establish that the appellant resided with his son at 1279 Cliffwood Drive, as required by OCGA § 9-11-4 (d) (7) to warrant substituted service on the son at that address, is the statement in the deputy marshal's third return to the effect that service was effected at the appellant's "most notorious place of abode in this county." While the return of service imports verity and is itself evidence of a high order, it is not conclusive as to the facts stated therein but may be set aside upon evidence "which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Woods v. Congress Fin. Corp.*, 149 Ga. App. 156, 157 (253 SE2d 834) (1979), citing *Denham v. Jones*, 96 Ga. 130, 132 (23 SE 78) (1894).

The deputy marshal's return in the present case is controverted by the strongest evidence possible — his own subsequent affidavit to the effect that he had no information or evidence whatever to lead him to believe that the appellant actually resided at the address in question, combined with affidavits from appellant, his son, his son's roommate, and his son's landlord to the effect that the appellant did not in fact reside at that address and had not resided there at the time of the purported service. The evidence of the alleged statement to the contrary made by the son to the appellee's attorney over the telephone has no probative value, due to the absence of any evidence tending to authenticate the caller's identity, such as, for example, testimony by the attorney that he was familiar with and recognized the caller's voice. See generally *Cannady v. Lamb*, 146 Ga. App. 850 (1) (247 SE2d 500) (1978). It follows that the record in this case contains no support for a conclusion that the appellant was properly served in accordance with OCGA § 9-11-4; nor, in view of the fact that the appellant has never filed any defensive pleadings in the case, is there any basis in the record for a determination that the appellant has waived the defense of insufficient service. Accord *Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845) (1973). Consequently, we are constrained to hold that the trial court erred in denying the motion to set aside the default judgment. Accord *Franklin v. Collins*, 167 Ga. App. 596 (1) (307 SE2d 66) (1983); *Glass v. Byrom*, 146 Ga. App. 1 (245 SE2d 345) (1978); *Holloway v. Frey*, supra. We note, however, that should it be made to appear that the appellant is deliberately concealing himself to avoid service in this case, the trial court is empowered, pursuant to OCGA § 9-11-4 (e) (1), to order that service be effected by publication.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

ON MOTION FOR REHEARING.

On motion for rehearing, the appellee contends that certain evidence favorable to his cause, in the form of testimony adduced at the original hearing on his motion for default judgment, was omitted from the record on appeal. The notice of appeal directs that "[t]he Clerk will please omit nothing from the record on appeal." Pursuant to OCGA § 5-6-41 (f), if either party contends that the record transmitted to this court contains material misstatements or omissions, his remedy is to apply to the trial court for the correction of the error — if necessary by the certification and transmittal of a supplemental record to this court. This procedure was not followed in the present case; and, consequently, we must assume that the record before us is both correct and complete. See *Boats For Sail, Inc. v. Sears*, 158 Ga. App. 74 (1) (279 SE2d 314) (1981).

DECIDED FEBRUARY 12, 1986 —
REHEARING DENIED MARCH 10, 1986.

*Daniel B. Kane*, for appellant.
*Daniel I. MacIntyre, Edward H. Saunders*, for appellee.