## 74410. BOYCE v. THE STATE.
(362 SE2d 229)

Pope, Judge.

Wilbur LaRue Boyce, Jr., brings this appeal from his conviction and sentence of theft by taking. Defendant, an attorney, was charged with unlawfully appropriating money belonging to a client. He enumerates seventeen errors.[1]

1. In his first enumeration defendant asserts that the trial court erred in not allowing evidence of the dismissal of charges against him at the preliminary hearing. "A dismissal of charges based upon lack of probable cause does not bar the subsequent indictment and trial of a defendant on the same charges. [Cits.]" *Callahan v. State*, 179 Ga. App. 556, 559 (347 SE2d 269) (1986). "The decision of the committing court '. . . settles nothing as to the guilt or innocence of the defendant.'" *First Nat. Bank &c. v. State*, 237 Ga. 112, 113 (227 SE2d 20) (1976); *Wells v. Stynchcombe*, 231 Ga. 199, 201 (200 SE2d 745) (1973); see also *Neal v. State*, 160 Ga. App. 498 (1) (287 SE2d 399) (1981). If a defendant can be indicted and tried on a charge that was dismissed for lack of probable cause in a magistrate court, it follows that such dismissal is irrelevant to issues at trial upon a subsequent indictment, and the trial court did not err in excluding same. See generally OCGA § 24-2-1.

2. Defendant's second enumeration assigns as error the trial court's alleged refusal to allow him to perfect the record on the issue of the preliminary hearing by stating that any perfection of the record would be out of the court's presence during lunch. Clearly, the defendant was provided an opportunity to state for the record what he proposed to prove by the evidence offered. We find neither error nor harm in the fact that the court would be adjourned for lunch at the time of the proffer. See generally *Stephen W. Brown &c. Assoc. v. Gowers*, 157 Ga. App. 770 (6) (278 SE2d 653) (1981).

3. We find no merit in defendant's third enumeration which assigns as error the trial court's sustaining the State's objection to defendant's question of the victim on cross-examination as to her opinion of defendant's intent in this matter. See *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755) (1985); *Lester v. State*, 75 Ga. App. 42 (8) (42 SE2d 141) (1947).

4. Photocopies of checks, deposits slips and bank statements from defendant's bank account were identified by the custodian of the bank's records as having been made and retained by the bank in

---

[1] Defendant's eighteenth enumeration of error, filed as an amendment after the time allowed for filing the enumeration of errors, will not be considered by this court for failure to comply with the Appellate Practice Act and the rules of this court. *Arkwright v. State*, 223 Ga. 768, 769 (158 SE2d 370) (1967).

the normal course of business. These items were thus properly admitted in evidence over defendant's objection that no foundation had been laid, and the originals did not have to be produced or accounted for. OCGA § 24-5-26. See, e.g., *Howard v. State,* 173 Ga. App. 346 (3) (326 SE2d 546) (1985).

5. Defendant's fifth enumeration challenges the testimony of a witness from the State Crime Lab as to his findings regarding the signature endorsement on checks drawn on defendant's bank account (an attorney's trust account) on the grounds that he had prepared no written report and that no foundation had been laid for the handwriting samples upon which he based his opinion that the signature endorsement on the checks was defendant's. Pursuant to OCGA § 17-7-211 the State timely provided defendant with a copy of a crime lab report signed by the Chief Document Examiner. At the time of trial, this individual was out of the country and unable to testify. The State requested a second document examiner from the crime lab to perform the same tests as the first. This was done during the week prior to trial, but no written report was made. Defendant was notified a few days prior to trial that the second document examiner would be substituted for the first, and defendant was given an opportunity to interview him. The second document examiner testified as to his own evaluation of the handwriting; this testimony was in complete agreement with the report of the first examiner. (The written report itself was not tendered into evidence.)

Since no written report was prepared by the second document examiner, the State was not required under OCGA § 17-7-211 to reduce the examiner's conclusions to writing and furnish defendant a copy of same. *Law v. State,* 251 Ga. 525 (2) (307 SE2d 904) (1983). There is no evidence in this case that the lack of a written scientific report by the second examiner reflects bad faith on the part of the State. See *McDaniel v. State,* 169 Ga. App. 254 (3) (312 SE2d 363) (1983).

As to the handwriting samples used by the examiner as a basis for his opinion, these documents were identified by the examiner only as having been submitted to him as "known signatures" of defendant. Defendant argues that no foundation was laid as to the origin or authenticity of these documents. We agree with defendant's assertion in this regard (see generally OCGA § 24-7-7; *Gunter v. State,* 243 Ga. 651 (4) (256 SE2d 341) (1979)), but find any error to be harmless. The purpose of the handwriting examiner's testimony was to help establish that defendant withdrew money from his trust account (i.e., money belonging to his clients) and applied it directly to his own use. Defendant subsequently admitted this practice in his own testimony at trial, although he attempted to justify his actions. We find it highly probable that the error did not contribute to the judgment. Cf. *Mar-*

*tin v. State,* 135 Ga. App. 4 (3) (217 SE2d 312) (1975). See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

6. Defendant next asserts error in the denial of his motion for continuance based upon the State's failure to comply with Uniform Superior Court Rule 30.3 by providing a home address and telephone number for a witness listed by the State but not called to testify. Defendant was unsuccessful in attempting to serve a subpoena upon this witness (a police officer) at his place of work a week prior to trial because the witness was on vacation at the time and would not return to work until the morning trial was scheduled to begin. Defendant had been aware of the existence of this witness for nearly four months prior to trial.

"A reading of the record shows that the motion fails in several respects to meet the eight tests prescribed by [OCGA § 9-10-160]. A failure in any of these respects is normally, and we think in the instant case, fatal to the motion. [Cits.] In matters such as raised by this ground, diligence is required on the part of the party to subpoena the witness. [Cit.] 'It is not an abuse of discretion to refuse to grant a continuance upon the ground of the absence of a witness, where it appears that the absent witness was not subpoenaed, and that the applicant, by exercise of due diligence, could have had the witness subpoenaed.' [Cit.]" *Lyons v. State,* 94 Ga. App. 570, 573-574 (95 SE2d 478) (1956); e.g., *Apgar v. State,* 159 Ga. App. 752 (4) (285 SE2d 89) (1981); *Scoggins v. State,* 98 Ga. App. 360 (2a) (106 SE2d 39) (1958).

7. Defendant's seventh enumeration cites as error the State's questioning of defendant on cross-examination as to whether he knew his conduct in this case violated the rules and regulations of the State Bar of Georgia. Although we disapprove of the State's question (see *Pope v. State,* 179 Ga. App. 739 (3) (347 SE2d 703) (1986)), we find no basis for reversal. First, defendant made no objection to this question at trial and thus failed to preserve the issue for appeal. See *Frymyer v. State,* 179 Ga. App. 391 (3) (346 SE2d 573) (1986). Second, we view any error in this one-time, general reference to State Bar rules and regulations in nearly 1,000 pages of transcript as harmless, it being highly probable that any error in this regard did not contribute to the judgment. Cf. *Pope v. State,* supra.

8. Defendant's eighth enumeration of error is not supported in his brief by citation of authority or argument and thus is deemed to have been abandoned. Court of Appeals Rule 15 (c) (2).

9. Although the practice of "reading law" to the court has been abolished in criminal cases, *Conklin v. State,* 254 Ga. 558 (10) (331 SE2d 532), cert. den., 88 LE2d 584 (1985), reh. den., 89 LE2d 359 (1986), "[c]ounsel have every right to refer to applicable law during closing argument (i.e., law that the court is going to give in charge).

[Cit.]" *Id.* at 570-571. Thus, defendant's ninth enumeration of error has no merit.

10. Defendant's tenth enumeration of error assigns error to the State's introduction of documentary evidence during defendant's case and not in rebuttal. However, the only objection to this evidence raised at trial was to its relevancy and foundation. "[T]he error enumerated on appeal is not the same as the objection urged at trial. It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal. [Cits.]" *Brantley v. State,* 177 Ga. App. 13, 14 (338 SE2d 694) (1985).

11. Defendant's eleventh and twelfth enumerations of error relate to evidence of similar transactions. The trial court allowed testimony by two former clients of defendant as to transactions similar to the crime alleged in this case for the purpose of showing a common scheme and bent of mind. The court refused to allow evidence by other clients as to defendant's business conduct with them in order to counter the State's evidence and to show that it was not defendant's practice to steal his client's funds.

It is not the purpose of evidence of similar transactions to place a defendant's character in issue. *Anderson v. State,* 183 Ga. App. 669 (1) (359 SE2d 688) (1987). Nevertheless, such evidence is admissible even though it incidentally places a defendant's character in issue. *Andrews v. State,* 143 Ga. App. 791 (2) (240 SE2d 142) (1977). The trial court correctly found that the evidence sought to be admitted here was of particular transactions tending to show defendant's good character and, as such, was properly excluded. See *Music v. State,* 244 Ga. 832 (1) (262 SE2d 128) (1979); *Wilson v. State,* 190 Ga. 824 (3) (10 SE2d 861) (1940). We likewise find no error in the trial court's refusal of defendant's oral request to give a preliminary charge to the jury on character evidence. See *David v. State,* 143 Ga. App. 500 (2) (238 SE2d 557) (1977). In any event, any error was rendered harmless in light of the court's giving such instructions as part of its charge to the jury following the close of the evidence.

12. We find no error in the trial court's admitting evidence of the similar transactions in this case for any reason assigned by defendant. See, e.g., *Morris v. State,* 228 Ga. 39 (8) (184 SE2d 82) (1971), cert. den., 405 U. S. 1050 (1972); *Pelligrini v. State,* 174 Ga. App. 84 (2) (329 SE2d 186) (1985); *Thompson v. State,* 67 Ga. App. 240 (6) (19 SE2d 777) (1942). We likewise find no error in the trial court's charge in this regard, as the evidence supported same. See generally *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13) (1887).

13. In his fifteenth enumeration, defendant alleges that the trial court erred in refusing to suppress privileged communications obtained by the district attorney's office from the State Bar of Georgia.

See, in this regard, State Bar Rule 4-221 (g) (255 Ga. 857, 884) (1986). The record discloses no such evidence was tendered at trial, and, thus, any error in this regard was harmless.

14. In his sixteenth enumeration, defendant assigns error to the trial court's failure to disclose a complaint filed with the State Bar by one of the witnesses for the State who testified as to similar transactions and which was part of the State's file. Defendant made a general request for discovery under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), but has failed to show that the information withheld so impaired his defense that he was denied a fair trial within the meaning of the *Brady* rule; i.e., he has failed to show that the information withheld was both material and exculpatory. *Davidson v. State*, 183 Ga. App. 557 (4b) (359 SE2d 372) (1987). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." (Citations and punctuation omitted.) *Powell v. State*, 171 Ga. App. 876, 880 (321 SE2d 745) (1984).

15. We find no ground for reversal in defendant's final enumeration assigning as error the trial court's ruling that the State was entitled to a full transcript of the proceedings when it failed to participate in the cost of same. See *State v. Hart*, 246 Ga. 212 (1) (271 SE2d 133) (1980); see also *Stone Mtn. Mem. Assn. v. Stone Mtn. Scenic R.*, 232 Ga. 92 (2) (205 SE2d 293) (1974).

*Judgment affirmed. Birdsong, C. J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED OCTOBER 8, 1987 —
REHEARING DENIED OCTOBER 20, 1987 — 

*Richard H. James*, for appellant.
*Robert E. Wilson, District Attorney, Robert G. Morton, Assistant District Attorney*, for appellee.