UNITED STATES, Appellee

v

MARVIN FRANKLIN ALLEN, Hospitalman Apprentice,
U. S. Navy, Appellant

20 USCMA 317, 43 CMR 157

No. 23,606

January 29, 1971

*Captain R. O. Kellam,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by special court-martial of one specification alleging the wrongful sale of marihuana. During argument on sentence, the following occurred:

"TC: SecNav Instruction 6710. 1A of 11 July 1969, paragraph 5–Policy. It is the policy of the Department of the Navy to prevent and eliminate drug abuse within the Navy and Marine Corps. The illegal or improper use of drugs by a member of the naval service may have a seriously damaging effect on—

"DC: I object to the reading of that.

"MJ: Am sorry, objection sustained and I advise the trial counsel not to read that, and for the mem-

**317**

bers of the court to disregard anything that the trial counsel tried to offer from it.

"TC: What I was trying to bring out, it is the firm policy—

"DC: I object to this, this constitutes command influence.

"MJ: It will be up to the members of the court to deliberate on the sentence after instructions have been announced and no further comment from trial counsel is considered appropriate. Does [sic] the court members have any questions, if so, please ask me, but I want it understood that I want no portion of what was said by the trial counsel is [sic] to be considered by you in your deliberations on the sentence. Mr. Kahn would you please confine your remarks to the nature of the offense or to the accused, or to the punishment."

The staff judge advocate to the convening authority agreed that trial counsel's efforts to read the Secretary of the Navy's instruction into the record was error (United States v Fowle, 7 USCMA 349, 22 CMR 139 (1956); United States v Estrada, 7 USCMA 635, 23 CMR 99 (1957)), but believed that any prejudice flowing therefrom was purged by the military judge's instruction to disregard trial counsel's comments.

There is no doubt that the attempt to introduce a Secretary of the Navy policy directive into the ■ sentence deliberations was error. United States v Fowle and United States v Estrada, both supra. As defense counsel asserted at trial, this is a form of command influence. "It was against this sort of command influence that the Code was initially directed." United States v Fowle, at page 352. In such circumstances, we have not hesitated to apply the doctrine of general prejudice. As we said in United States v Estrada, supra, at page 638:

"We also mentioned in Fowle, supra, and repeat here, that no cautionary instruction to members of the court that they may disregard the announced policies of their commander can relieve the error from prejudice. Each case is to be considered on the law and facts applicable to it alone and the policies of a particular commander have no place in the trial itself."

The accused's sentence was limited by pretrial agreement to a maximum of a bad-conduct discharge, confinement at hard labor for one month, forfeiture of two-thirds pay for one month, and reduction to the pay grade of E–1. His sentence to confinement has been served and he was released on order of the convening authority on June 15, 1970. Ordinarily, the Court of Military Review is the ■ appropriate tribunal for reassessment of sentences found faulty at this level. However, since in this case the only unexecuted portion of the sentence is the punitive discharge, simply to return the case for reassessment, without further direction, would deprive the accused of all meaningful relief. Cf. United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969).

Accordingly, the decision of the Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess and approve a sentence which does not include a bad-conduct discharge or a rehearing on sentence may be ordered.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

The first sentence of the Secretary of the Navy's instruction that was read before the interruption and sustained objection states a policy of preventing and eliminating drug abuse within the Navy and Marine Corps. The only part of the interrupted sentence the court members heard declares that the illegal or improper use of drugs by a member of the Naval service may have a seriously damaging effect. Nothing in either sentence suggests that courts-martial award severe sentences or punitive discharges to persons convicted

of drug offenses. Perhaps the unread part of the instruction contains something that would have influenced court members in their deliberations on sentence. But for all that appears, the rest of the instruction could have been completely innocuous in its effect on the sentence.

Unlike the law officers in United States v Estrada, 7 USCMA 635, 23 CMR 99 (1957), and United States v Fowle, 7 USCMA 349, 22 CMR 139 (1956), the military judge in this case instructed the court members to disregard even the part of the instruction they had heard. United States v Wood, 18 USCMA 291, 40 CMR 3 (1969); United States v Long, 17 USCMA 323, 38 CMR 121 (1967); cf. United States v Morehead, 17 USCMA 366, 38 CMR 164 (1968). Here, I am confident the fragment of the instruction that was read had no effect on the sentence. I would affirm.