UNITED STATES

v.

**Specialist Four Woodrow THOMAS, Jr., 403–74–3130, U. S. Army, Company C, 1st Battalion, 12th Cavalry, 1st Cavalry Division, Fort Hood, Texas 76545.**

SPCM 11444.

U. S. Army Court of Military Review.

Sentence Adjudged 15 May 1975.

Decided 3 Oct. 1975.

Appearances: Appellate counsel for the Accused: CPT Peter V. Train, JAGC; CPT Robert D. Jones, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Gregory M. Van Doren, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

JONES, Senior Judge:

In accordance with his pleas of guilty, appellant was convicted of housebreaking, larceny, and wrongful appropriation in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 930 and 921. We are reviewing the case pursuant to Article 66, UCMJ.

The special court-martial convening authority (brigade commander) in an appropriate exercise of his discretion initially referred this case to trial by special court-martial.[1] Subsequently, and prior to the commencement of any proceedings, the general court-martial convening authority (division commander) withdrew the case from the special court-martial and referred it to a special court-martial authorized to

---

1. The company commander had recommended trial by special court-martial but the battalion commander had recommended trial by general court-martial.

adjudge a bad-conduct discharge. No reason was stated for this action. The military judge and the counsel on the two courts were the same.[2]

Appellant asserts that the general court-martial convening authority erred to his substantial prejudice by withdrawing the case and rereferring it. He cites paragraph 30*g*, Manual for Courts-Martial, United States, 1969 (Revised edition), which states that "charges against an accused . . . ordinarily should be tried . . . by the lowest court that has the power to adjudge an appropriate and adequate punishment." It is appellant's contention that the general court-martial convening authority's action was an exercise of unlawful command control and that the special court-martial which tried him was without jurisdiction.

Withdrawal of a case from the court to which it is referred is addressed in paragraph 56, MCM, 1969 (Rev ed). The general rule announced by subparagraph 56*a* is to the effect that a convening authority may withdraw a case from any court for any reason but the reason for the withdrawal and the time of the withdrawal will affect what action may be taken subsequently. The withdrawal can't be arbitrary or unfair to the accused.

■ The prohibition against arbitrary or unfair withdrawals has been interpreted to mean that for withdrawals prior to the commencement of proceedings, there must exist good cause for such unusual action. *See United States v. Williams*, 11 U.S.C. M.A. 459, 29 C.M.R. 275 (1960). There is no requirement, however, that the good cause be shown in the record and the existence of good cause will be presumed in the absence of a showing of improper motives or reasons. *United States v. Lord*, 13 U.S.C.M.A.

78, 32 C.M.R. 78 (1962); *United States v. Nichols*, 34 C.M.R. 520 (A.B.R. 1963).[3]

The rule regarding withdrawals after commencement of proceedings is much more restrictive. Subparagraph 56*b* provides that a case should not normally be withdrawn after commencement of proceedings, if further prosecution is contemplated, except for urgent and unforeseen military necessity. In such an instance, the record must contain a detailed statement of reasons.

As the withdrawal in the instant case was prior to commencement of proceedings, there is no requirement that there be urgent and unforeseen military necessity, but only that it be on proper grounds. Appellant maintains that improper grounds existed in this case, viz., the general court-martial convening authority's desire to see that a bad-conduct discharge was imposed. We disagree.

■ In this Court's opinion, the general court-martial convening authority's action in withdrawing the case from a regular special court-martial and rereferring it to a special court-martial authorized to adjudge a bad-conduct discharge indicates nothing more than his view that for these offenses, the court-martial trying the appellant should have the option of imposing a bad-conduct discharge. As there was no indication of bad faith or improper motive we find that his action was for proper reasons.

■ As to the allegation of unlawful command influence, there is absolutely nothing to indicate that the division commander imposed his will upon or in any way restricted the exercise of discretion by his subordinate commanders. There was no attempt to prescribe the action the subordi-

---

2. The trial counsel was later changed.

3. It is beyond dispute that a withdrawal of a case from the court to which it is referred for improper reasons will not be permitted. *Petty v. Moriarity*, 20 U.S.C.M.A. 438, 43 C.M.R. 278 (1971), (purpose of withdrawal was to thwart accused's request for witnesses); *United States*

*v. Williams, supra,* (purpose of withdrawal was to get a court that would give stiffer sentence); *United States v. Benitez,* 38 C.M.R. 607 (A.B.R. 1967), (purpose of withdrawal was to refer to court-martial with punitive discharge authority when convening authority realized he couldn't give administrative discharge).

nates should take (*United States v. Hawthorne*, 7 U.S.C.M.A. 293, 22 C.M.R. 93 (1956); *United States v. Rivera*, 45 C.M.R. 582 (A.C.M.R. 1972)), or to influence the court members in their findings or sentence (*United States v. Allen*, 20 U.S.C.M.A. 317, 43 C.M.R. 157 (1971); *United States v. Cole*, 17 U.S.C.M.A. 296, 39 C.M.R. 94 (1967)). This case involves nothing more than two commanders reaching different conclusions as to the lowest court that could impose an appropriate, adequate sentence. Under the military structure, the superior commander who had the ultimate responsibility and decision on matters within his command, made the decision.[4] The division commander's disagreement with the brigade commander's decision was no more command influence than was the brigade commander's disagreement with the battalion commander's recommendation for trial by general court-martial. The subordinate in each instance made his recommendation or decision unfettered by controls, pressures or influence from above. The fact that the superior disagreed and took other action does not amount to unlawful command influence.

The findings of guilty and the sentence are affirmed.

Judges O'DONNELL and FELDER concur.

---

4. The general court-martial convening authority fully considered the special court-martial convening authority's decision to refer the case to a special court-martial. The SJA advised the general court-martial convening authority in his review that the subordinate convening authority's decision to refer the case to a special court-martial amounted to a "strong statement that a punitive discharge . . . whether suspended or not [was] inappropriate."