## UNITED STATES

v.

**Gerald D. DIXSON, 232 92 2307, Corporal (E-4), U. S. Marine Corps.**

**NCM 76 1295.**

U. S. Navy Court of Military Review.

Sentence Adjudged 12 Feb. 1976.

Decided 31 Dec. 1980.

LT Lynn M. Maynard, JAGC, USN, Appellate Defense Counsel.

CAPT Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge, and DONOVAN and KERCHEVAL, JJ.

DONOVAN, Judge:

Appellant was tried by special court-martial, military judge alone, on 12 February 1976. Contrary to his pleas, he was found guilty of six drug related offenses involving possession, sale and transfer of marijuana, all in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. Appellant was sentenced to confinement at hard labor for four months, forfeiture of $100.00 pay per month for six months, reduction to pay grade E-1, and discharge from the service with a bad-conduct discharge. The military judge recommended that the punitive discharge and all confinement in excess of two months be suspended. The convening and supervisory authorities approved the sentence as adjudged without suspension.

Appellant presents four assignments of error; one is that the sentence as adjudged and approved is inappropriate to the offenses. On 30 July 1976, this Court found appellant's assignments of error to be without merit and the findings and sentence as approved below were affirmed. The United States Court of Military Appeals granted appellant's petition for review on the issue whether the supervisory authority was required by paragraph 85c, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), to submit a letter explaining his action which was contrary to the recommendation of his staff judge advocate who had joined the military judge in recommending that the bad-conduct discharge be suspended. The Court of Military Appeals granted the Government's motion to attach to the record of trial a letter, dated 5 January 1977, from the supervisory authority explaining his action to the Judge Advocate General of the Navy. By order of 21 July 1980 C.M.A. 9 M.J. 72, the Court of Military Appeals affirmed the opinion of this Court as to findings, but reversed its decision as to sentence, returning the record with directions to conduct a full review of appellant's sentence in light of the belated letter.

Paragraph 88, MCM, is entitled "POWERS OF THE CONVENING AUTHORITY WITH RESPECT TO SENTENCE." Subparagraph *b* thereof states in part: "The sentence approved should be that which is warranted by the circumstances of the offense and the previous record of the accused."

The supervisory authority's belated letter, submitted in accordance with paragraph 85c, MCM, recites three reasons for approving execution of the bad-conduct discharge which the military judge and the staff judge advocate had recommended be suspended:

1. The military judge properly found specifications 1, 2 and 3 multiplicious and 4, 5 and 6 multiplicious as they reflect single transactions on two successive days.

2. Publicity within the Airwing of such a command policy could trigger command influence

a. The sale of marijuana to a fellow Marine is a serious breach of military discipline. It encourages the usage of this substance and undermines the efficiency of the unit.

b. Usage of marijuana in the enviornment [sic] of an air wing is particularly serious since a user not only endangers his own life but can endanger the lives of others. Lack of attention to detail can result in a serious air accident.

c. Because of the deleterious affect [sic] marijuana usage can have on the ability of the Marine Corps to fulfill its mission, there is an important interest in separating marijuana sellers from the Marine Corps.

All three reasons are general statements with minimal specificity to the circumstances of this case. The Marines to whom these two marijuana transactions[1] were made were undercover agents; to the extent appellant's offenses were perceived as only segments of a recurring sales practice, some specificity was perhaps inferable but it was merely speculative.

The supervisory authority's last stated reason reads like a command policy to separate all sellers, irrespective of the facts and circumstances of each case.[2] He does not distinguish between first-time and repeat sellers, between sellers of small and large quantities, between sellers approached (once or more) by the buyer and sellers who aggressively peddled their products. Were the supervisory authority a prospective court-martial member, such inelastic attitude would likely prompt a sustained challenge for cause. *See United States v. Goodman*, 3 M.J. 1106 (N.C.M.R.1977), and cases cited therein. Expression of that attitude, as his ultimate reason, suggests that it might be the primary reason and the reason he initially dismissed the staff judge advo-

over subordinate commanders and court-martial members as such problems of command influence were addressed in *United States v. Allen*, 20 U.S.C.M.A. 317, 43 C.M.R. 157 (1971), and *United States v. Rosa*, 46 C.M.R. 480, 490 (N.C.M.R.1972).

cate's recommendation without explanation. Given the undifferentiated commentary in the other stated reasons, they would apply to all marijuana sellers on his rolls, irrespective of their proximity to the flight line or tower duties.

*United States v. Keller,* 1 M.J. 159 (C.M. A.1975), and its implementing departmental regulation, JAGMAN § 0125*b*(3), do not task a supervisory authority who disagrees with his staff judge advocate with an essay but only the duty to add "an expression of his own views." This expression, however, is in the nature of a "justification provision," *United States v. Keller, supra* at 160.

In view of the supervisory authority's expressed predisposition to approve punitive discharges for all sellers of marijuana and the circumstances of record concerning this appellant, the bad-conduct discharge is remitted, Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings and the remainder of the sentence, as approved on review below, are affirmed.

Senior Judge GREGORY and Judge KERCHEVAL, concur.