**UNITED STATES**

v.

**Carl D. DOBBINS, 420 98 4519, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 0835.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 Aug. 1980.

Decided 16 Dec. 1981.

CAPT James P. Axelrod, USMC, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and SANDERS, JJ.

BAUM, Judge:

Appellant was convicted, pursuant to his pleas, of conspiracy and larceny in violation of Articles 81 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881 and § 921. For these offenses, appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeitures of $150.00 pay per month for 3 months, and reduction to pay grade E–1. The convening authority's approval of the sentence was approved by the supervisory authority.

During an initial Article 39(a), 10 U.S.C. § 839(a)[1] session, appellant submitted a written request for trial by military judge alone. In the course of reviewing that request, appellant and the military judge engaged in the following colloquy:

MJ: I would note for the record that the—if I understand correctly, that this request for trial before judge alone applies only up to the entry of findings; that the accused wishes to retain his rights to be heard—to a trial before the members for sentencing. Is that correct?

DC: That is correct, your Honor.

MJ: Is that your understanding, Lance Corporal Dobbins?

ACC: Yes, sir.

MJ: So you understand that the issue of whether you are guilty or innocent of the offenses charged will be my determination. However, a court consisting of members, as I have previously explained

---

1. Article 39(a), UCMJ, authorizes the military judge to call the court into session without the presence of the members for the purpose of hearing and ruling upon preliminary matters, including holding the arraignment and receiving the pleas of the accused, if permitted by regulations of the Secretary concerned. Such a procedure is authorized in the naval service by JAGMAN, § 0113.

them to you, will make the determination of sentence.

ACC: Yes, sir.

(R.6). The military judge subsequently approved appellant's request, "to the extent that the request... applies only for purposes of findings...."

It, thus, appears that the judge approved a request for a bifurcated trial, that is, one in which the judge would hear evidence on the merits, make findings and then turn over sentencing to the members. This is not what happened, however. After approval by the judge of this unique trial request, appellant entered mixed pleas of guilty to some offenses and not guilty to others. The judge, then, conducted an inquiry into the providence of the guilty pleas during the Article 39(a) session and found the pleas of guilty provident. At that point, the Government withdrew the remaining charges and specifications and the judge found appellant guilty in accordance with his pleas. Thereafter, the court with members was assembled for sentencing and, after consideration of matters in aggravation and extenuation and mitigation, the members imposed sentence. Appellant now contends that it was prejudicial error to proceed with members for sentencing absent a written withdrawal of his request for trial by judge alone. We find that contention to be without merit.

The procedure followed in the instant case, while apparently understood by the parties at trial to be judge alone for the findings and a members court for sentencing, was not such a trial at all. The court-martial in this case followed the standard procedure for a guilty plea trial with members. In such a case the judge conducts a plea providence inquiry during an Article 39(a) session and makes findings at that time in accordance with the pleas found to be provident. See Articles 39 and 45, UCMJ, 10 U.S.C. §§ 839, 845. After findings are made, the court is assembled with members and proceeds to sentencing. That is exactly the procedure followed in the instant case and we will, therefore, treat the proceeding below as a guilty plea trial by a court composed of members, despite any characterization to the contrary by the parties. Accordingly, there was no need for a judge alone request for the findings stage. Its submission and approval was a superfluous act which did not have to be withdrawn before the members heard the case for sentencing. Upon the acceptance of the guilty pleas and withdrawal of the charges by the Government, the request for sentencing by members, in effect, amounted to a request for trial in its entirety by members. Had any of the guilty pleas been rejected or the Government not withdrawn the charges to which not guilty pleas were entered and the judge then proceeded to hear evidence on the merits and make findings, we would be confronted with a truly bifurcated trial, assuming the judge had then permitted sentencing by members. Neither the Code nor any cases we have viewed expressly address such a procedure; however, it could be argued that a bifurcated trial is permissible in light of the discretion accorded the military judge with respect to granting or not granting trial by judge alone and the discretion he has in allowing withdrawal of such a request, once approved. Since we are not confronted squarely with the issue here, we need not address the question at this time and we find no difficulty in affirming the procedure followed below.

The findings and sentence approved below are affirmed.

Chief Judge CEDARBURG and Judge SANDERS concur.