UNITED STATES

v.

Randall Kirby ELAND, 261 75 5270,
Engineman Fireman Apprentice
(E–2), U.S. Navy.

NMCM 82 5424.

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 1 April 1982.

Decided 15 Sept. 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LCDR Claude P. Goddard, JAGC, USN, Appellate Defense Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

LT W. David Paxton, JAGC, USNR, Appellate Government Counsel.

Before EOFF, C.J., and GORMLEY and MIELCZARSKI, JJ.

PER CURIAM:

Appellant was convicted contrary to his pleas before a general court-martial, military judge alone, of four specifications of unauthorized absence (totalling 69 days) in violation of Article 86, Uniform Code of Military Justice (UCMJ), and 52 specifications alleging violations of Article 92, UCMJ, 10 U.S.C. §§ 886, 892, including possession of drug paraphernalia; possession, sale, and transfer of 3½ pounds of marijuana and 3 ounces of psilocybin; and possession of various amounts of marijuana, cocaine, and methaqualone. Appellant was sentenced to be confined at hard labor for four years, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to be discharged from the naval service

with a dishonorable discharge. The convening authority approved the findings and sentence, suspending execution of any forfeitures of pay over $367.00 per month upon appellant's release from confinement and for 12 months thereafter.

Appellant asserts twelve assignments of error before this Court. Our resolution of Assignments of Error I and VIII renders moot Assignments of Error II, III, X, XI, and XII. Finding no merit in the remaining assignments of error, we partially affirm and modify the findings and order a rehearing on sentence.

### FACTS

Appellant began an unauthorized absence from his command on 22 May 1981, and on 20 June he was administratively declared a deserter. Pursuant to command policy, the Shore Patrol, aided by Master Chief B, appellant's division officer, cut the lock on and emptied appellant's locker to inventory his personal effects for storage. As Petty Officer H of the Shore Patrol removed items from the locker, he found a bag of marijuana and an extensive assortment of drug paraphernalia. The Naval Investigative Service (NIS) was contacted, and the inventory continued. Petty Officer H removed three spiral notebooks from appellant's locker which he listed on his inventory and either placed with the previously inventoried items or handed to Master Chief B who began to look through the notebooks for no particular reason. He soon realized that these notebooks contained incriminating statements by appellant including an extensive log of 47 drug transactions over a six-month period which subsequently became the basis for specifications 3–143 under Charge II. Master Chief B turned these notebooks and the other incriminating evidence and contraband over to the NIS. At trial the military judge denied the defense motion to suppress these notebooks.

Petty Officer G, who happened to be in the area when Petty Officer H began the inventory, had lived with appellant and aided him in his drug dealings over the previ-

ous six-month period. Aware of what was contained in the notebooks, Petty Officer G became afraid that Master Chief B would find his name in them and decided to confess to the NIS agent who was present. At trial he testified against appellant under a grant of immunity.

# I

## THE MILITARY JUDGE ERRED WHEN HE FAILED TO FIND THAT MASTER CHIEF B EXCEEDED THE LAWFUL SCOPE OF THE INVENTORY PROCEDURE WHEN HE PERUSED THE CONTENTS OF THE NOTEBOOKS.

■ To determine whether appellant has a sufficient expectation of privacy in the seized notebooks to trigger the protection of the fourth amendment of the United States Constitution, two questions must be addressed: (1) whether appellant exhibited an actual expectation of privacy in the items seized, and (2) whether appellant's expectation of privacy is one society is prepared to recognize as reasonable under the circumstances. *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). The military judge found that once appellant was administratively declared a deserter, he thereafter abandoned any expectation of privacy in his personal effects remaining within the Navy's jurisdiction. As conceded by the defense, appellant had to expect that the government could make an inventory of his belongings once he was away from his command for a given period of time; however, regardless of the reason for his absence, he had a right to expect that the intrusion into his belongings would go no further than necessary to meet the purposes of the inventory: to protect personal property, to guard against future claims for lost or stolen property, to protect others in the area from property which may be or become a threat to their health and welfare, and to make the locker space available. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *United States v. Edwards,* 577 F.2d 883 (5th Cir. 1978), *cert. denied,* 439 U.S. 968, 99 S.Ct.

458, 58 L.Ed.2d 427 (1978). Contrary to the holding of the military judge, appellant also retained an expectation of privacy in any writings or documents he may have had among his personal belongings. *United States v. Van Hoose,* 11 M.J. 878 (A.F.C.M. R.), *pet. denied,* 12 M.J. 301 (C.M.A.1981).

■ The government must be allowed leeway to conduct as thorough an inventory procedure as necessary to accomplish the purposes of the inventory. An inventory is constitutionally permissible, however, only so long as it is reasonable in scope when weighed against the interests to be protected by the inventory. *United States v. Edwards, supra.* The inventory procedure may include steps to protect against a later claim that money or other valuables had been within or among any books or documents that were inventoried, *United States v. Kazmierczak,* 16 U.S.C.M.A. 594, 37 C.M.R. 214 (1967); *Lowe v. Hopper,* 501 F.2d 952 (5th Cir.1974), *affirmed after rehearing,* 520 F.2d 1405 (5th Cir.1975), but a general perusal of documents and books is permissible only if it is reasonable in light of the purposes to be served by that inventory, *United States v. Strahan,* 674 F.2d 96 (1st Cir.1982), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2304, 73 L.Ed.2d 1306 (1982) (perusal of documents justified where one purpose of the inventory was to determine ownership of the vehicle in which they were found); *United States v. Brown,* 12 M.J. 420 (C.M.A.1982) (opening of folded papers found in a jacket was not justified during a health and welfare inspection).

■ During a thorough inventory and inspection of books and documents, a book or document may be seized as evidence under the plain view doctrine only if its criminality or character as evidence is immediately apparent. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Duckett,* 583 F.2d 1309 (5th Cir.1978); *United States v. Van Hoose, supra.* For example, in *Harris, supra,* the defendant, suspected of a robbery, was arrested and his car impounded. During the routine inventory of the car, the police officer conducting the inventory noticed on the

metal plate under the door a registration card bearing the name of the robbery victim. The Court upheld the seizure of this card under the plain view doctrine since its value as evidence was immediately apparent on its face.

In light of the purposes of the type of inventory conducted in the case *sub judice,* we can perceive no justification for Master Chief B's reading of the notebooks found in appellant's locker. Master Chief B was justified in opening the notebooks and looking through them to be sure no money or other valuables were contained within. The record indicates, however, that he had not opened the notebooks in furtherance of the inventory at all; rather, he was casually looking through the notebooks for no particular reason. This clearly went beyond the scope of the inventory and constituted an unreasonable intrusion into appellant's privacy. Thus the military judge should have granted the defense motion to suppress the notebooks.

V

APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE MILITARY JUDGE DENIED THE DEFENSE MOTION TO DISMISS ON THE BASIS THE CHIEF OF NAVAL OPERATIONS IMPROPERLY EXERCISED COMMAND INFLUENCE OVER MEMBERS OF THE COURT. THIS DENIAL LEFT APPELLANT WITHOUT A MEANINGFUL CHOICE AS TO FORUM SINCE CONVICTION ON ANY OF THE DRUG ALLEGATIONS BEFORE MEMBERS WOULD MEAN PUNITIVE SEPARATION. APPELLANT'S PRACTICAL SOLUTION TO HIS DILEMMA BY HAVING TRIAL ON THE MERITS BEFORE MEMBERS AND SENTENCING BEFORE MILITARY JUDGE ALONE WAS REJECTED BY THE MILITARY JUDGE; THEREFORE, APPELLANT HAD NO CHOICE BUT TO PROCEED WITH MILITARY JUDGE ALONE.

During voir dire each member stated that he or she had viewed the Chief of Naval Operations' (CNO's) film concerning his policy towards drug abuse in the service, and each member expressed his or her support for that policy. The majority of the members, though, were very clear during voir dire that they did not perceive the CNO's policy as requiring them to vote for any particular sentence in this court-martial nor did they feel any pressure to vote any particular way. Rather than offer any challenges for cause, the defense moved to dismiss the charges based on improper command influence. The military judge denied the motion. The defense then requested a bifurcated trial consisting of trial on the merits before members and sentencing by the military judge. After the military judge denied this request, appellant requested trial by military judge alone.

■ It is clearly improper for any party to make reference to departmental or command policies before members charged with sentencing responsibilities. *United States v. Grady,* 15 M.J. 275 (C.M.A.1983). Even the appearance of improper influence must be avoided. *United States v. Estrada,* 7 U.S.C. M.A. 635, 23 C.M.R. 99 (1957); *United States v. Allen,* 20 U.S.C.M.A. 317, 43 C.M.R. 157 (1971). The Court of Military Appeals has specifically recognized, however, the propriety and necessity of the "determination and promulgation of general service or command policies and pronouncements which are a proper exercise of the command function." *Grady, supra* at 276.

■ We find that the CNO's promulgation of his policy against drug abuse was a necessary and proper exercise of command function and neither exerted nor gave the appearance of command influence at this trial. We also find that it was properly within the military judge's discretion to deny the defense request for such a unique forum. *United States v. Dobbins,* 12 M.J. 799 (N.M.C.M.R.1981).

In his eighth assignment of error, appellant challenges the sufficiency of the evidence to support the findings of guilty to any of the specifications under Charge II.

The main thrust of his argument is aimed at the sufficiency of the admissions contained in the notebooks which provided the evidence of the amounts, dates, and substances contained in most of the specifications under Charge II. Our resolution of Assignment of Error I makes this assignment of error moot with respect to all of the specifications under Charge II of which appellant was convicted with the exception of specifications 1, 2, 108, 109, and 110.

■ Specifications 1 and 2 allege the possession of 10 grams of marijuana and the possession of various drug paraphernalia, respectively. We find that the physical evidence involved in these specifications was properly admitted at trial. There was other sufficient evidence, including the testimony of Petty Officer G and Dentalman D, which we view with great caution due to their involvement in the charged offenses, paragraph 74, *Manual for Courts-Martial, 1969 (Rev.),* to convince us beyond a reasonable doubt that appellant knowingly possessed the seized marijuana and knowingly possessed the drug paraphernalia with the requisite criminal intent.

■ When the military judge announced his findings of guilty to specification 2 of Charge II, he used a copy of charges which had been prepared by the trial counsel for submission to the members if necessary. Specification 2 on this document, however, did not correspond exactly to specification 2 on the original charge sheet. Consequently we can approve only so much of the finding of guilty to specification 2 under Charge II which is common to both documents. Thus we approve only so much of the finding as to specification 2 under Charge II that finds appellant guilty of unlawfully possessing 2 Sno-Seal packages; 1 small screen; 1 small mirror; 1 spoon; 1 large wooden based brass weight scales with scale balance and accessories; 1 small aluminum scale; and 10 grams, more or less, of mannitol.

■ Apparently intended as evidence regarding specifications 108, 109, and 110, the possession, sale, and transfer of psilocybin, respectively, Petty Officer G testified about the transfer and sale on 1 May 1981 of "psychedelic mushrooms." However, there was no evidence offered to prove that psilocybin is the active ingredient in these "psychedelic mushrooms." Thus we find insufficient evidence to support the findings of guilty to these three specifications and hereby disapprove those findings.

■ In his ninth assignment of error, appellant asserts that the military judge abused his discretion by refusing to release him from pretrial confinement at the first 39(a), UCMJ, 10 U.S.C. § 839(a), session held. The government, in opposition to appellant's request, placed into evidence a page 601–6R from appellant's service record showing a six-day unauthorized absence by appellant terminated by apprehension. We find that the evidence of this unauthorized absence terminated by apprehension combined with the severity and extent of the charges supports the military judge's determination that appellant was a flight risk.

Accordingly we affirm only the findings of guilty to Charge I and the four specifications thereunder, to Charge II and specification 1 thereunder, and to specification 2 under Charge II as modified above.

We set aside the sentence and order a rehearing thereon. Paragraph 92, *Manual for Courts-Martial, 1969 (Rev.).*

Chief Judge EOFF and Judge GORMLEY and Judge MIELCZARSKI, concur.